UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**State Farm Fire & Casualty**
**Insurance Company as**
**Subrogee of Brian Travis**
**and Swaraj Farm, LLC**

                Case No. 22-cv-63-PB
   v.            Opinion No. 2022 DNH 093

**Two Gun Construction, LLC, et al.**

## ORDER

The issue this case presents is whether the court has diversity jurisdiction in a subrogation action when the insurance company plaintiff and the defendants are diverse but the company's insureds and the defendants are all New Hampshire residents.

### I. BACKGROUND

Brian Travis and Swaraj Farm, LLC (the insureds) owned a home in Candia, New Hampshire that was damaged in a fire. Their insurer, State Farm Fire & Casualty Insurance Company, agreed to reimburse the insureds for their losses above the policy deductible. State Farm later brought this subrogation action to recover the payments it made to the insureds from several defendants who were involved in the construction of the home. State Farm asserts claims for breach of contract, breach of warranty, and negligence.

Although State Farm is an Illinois company and has sued in its own name, defendants argue in a motion to dismiss that the court lacks diversity jurisdiction because the insureds and the defendants are all New Hampshire residents.

## II.   ANALYSIS

A federal court must look to the citizenship of the real parties to the controversy when determining whether it has diversity jurisdiction. Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980); see also Lewis v. Clarke, 137 S. Ct. 1286, 1294 (2017). Because this is a diversity case, I turn to state law to determine the parties' substantive rights and federal law to resolve any procedural issues. Alejandro-Ortiz v. P.R. Elec. Power Auth., 756 F.3d 23, 26 (1st Cir. 2014); see also Melendez Colón v. Rosado Sanchez, 995 F.3d 262, 267 n.3 (1st Cir. 2021). While the question of in whose name an action must be brought presents a procedural issue governed by Fed. R. Civ. P. 17, the issue of who is the real party in interest is a separate substate issue governed by state law. See 6A Fed. Prac. & Proc. Civ. § 1444 (3 ed.). Thus, I turn to New Hampshire law to determine whether State Farm or its insureds are the real parties in interest in this case.

Defendants rely primarily on the New Hampshire Supreme Court's decision in Sibson v. Robert's Exp., Inc., 104 N.H. 192, 195 (1962), in arguing that the insureds are the real parties in interest. In Sibson, however, the

court merely held that an insurer who paid its insured's property damage claims could not bring a separate subrogation action to recover its payments after the insured had litigated claims for personal injury stemming from the same event. Id. In reaching its decision, the court explained that the insurer could have intervened in its insured's personal injury action to recover its property damage payments. Id. at 194; see also King v. Nedovich, 118 N.H. 161, 162 (1978); (recognizing that insurer in Sibson could have intervened in the personal injury action). What it could not do was split the personal injury and property damage claims into separate actions. Sibson, 104 N.H. at 194. The court's subsequent decision in King, 118 N.H. at 161-62, leaves no doubt that this limited reading of Sibson is correct because the court in King permitted an insurer-subrogee to intervene in place of its insureds in an action for damages arising out of a fire. Id.; see also Nat'l Marine Underwriters, Inc. v. McCormack, 138 N.H. 6, 8 (1993). Thus, Sibson does not in any way alter State Farm's substantive right to pursue its subrogation claims against the defendants.

As a general rule, an insurer-subrogee who pays its insured's entire loss is the only real party in interest in an action to recover those losses. See United States v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380-81 (1949). Defendants have failed to cite to any New Hampshire Supreme Court case that calls this rule into question. Nor have they pointed to any unusual facts

that would warrant a different result in this particular case. Because State Farm is the only real party in interest and complete diversity exists between State Farm and the defendants, the court has subject matter jurisdiction to resolve the matter.

Defendants' motion to dismiss (Doc. No. 26) is denied.

SO ORDERED.

/s/ Paul J. Barbadoro
Paul J. Barbadoro
United States District Judge

August 9, 2022

cc:   Counsel of Record